UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNKIN' DONUTS FRANCHISING,
LLC, et al.,

    Plaintiffs,

v.                                 CASE NO: 8:10-cv-1502-T-23MAP

REITHOFFER SHOWS, INC.,

    Defendant.
_____/

## **TEMPORARY RESTRAINING ORDER**

The plaintiffs sue (Doc. 1) the defendant for trademark infringement. The plaintiffs own an exclusive license to franchise "Dunkin' Donuts" restaurants across the country. The plaintiffs own famous and distinctive trademarks for the "Dunkin' Donuts" franchise system, which trademarks include "the pink and orange color scheme and the frankfurter letter style." (Doc. 1 at 4) The plaintiffs have used the marks in interstate commerce for approximately fifty years, and the plaintiffs spent nearly $200 million in 2007 for advertising and promoting the "Dunkin' Donuts" marks.

A Delaware corporation with its principal place of business in Gibsonton, Florida, the defendant operates "a traveling carnival that provides rides, attractions, and concessions at various sites nationwide throughout the year." (Doc. 1 at 5) The defendant is not a "Dunkin' Donuts" franchisee, and the plaintiffs have never licensed the defendant to use the "Dunkin' Donuts" marks. The plaintiffs allege that, a recent fair in Buchanon, New York, the defendant offered coffee and other concessions from a

trailer displaying the "Dunkin' Donuts" marks.  On June 11, 2010, the plaintiffs sent the defendant a letter (Doc. 2-1 at 16) demanding that the plaintiffs cease using the "Dunkin' Donuts" name and marks at the Buchanon, New York, fair and at any future fair or venue.  From June 30, 2010, through July 11, 2010, the defendant is operating a carnival in Brockton, Massachusetts.  As of June 30, 2010, the defendant continues to display the "Dunkin' Donuts" name and marks on the concession trailer, and the defendant continues to sell coffee and other concessions under the "Dunkin' Donuts" name.

The plaintiff moves (Doc. 2) for a temporary restraining order and alleges that, absent temporary relief, the plaintiff will incur irreparable injury without either meaningful procedural protection or the possibility of effective redress.  The plaintiff alleges that substantial and immediate harm accrues from the defendant's unlicensed use of the plaintiffs' marks, which use dilutes the plaintiffs' goodwill and frustrates a consumer's ability to determine the source of the defendant's infringing products.

To establish entitlement to the requested relief, the plaintiffs must show (1) a substantial likelihood of success on the merits; (2) an irreparable injury to the plaintiffs in the absence of the injunction; (3) a threatened injury to the plaintiffs that exceeds any injury to the defendant caused by the injunction; and (4) the absence of a material adverse consequence to the public.  Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).  "To prevail on a claim of trademark infringement in this case, the plaintiffs must establish: (1) that they possess a valid mark, (2) that the defendants used the mark, (3) that the defendants' use of the mark

occurred 'in commerce,' (4) that the defendants used the mark 'in connection with the sale ... or advertising of any goods,' and (5) that the defendants used the mark in a manner likely to confuse consumers." North American Medical Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1218 (11th Cir. 2008).

The plaintiffs allege that they possess the registered "Dunkin' Donuts" marks and that the defendant uses the marks without the plaintiffs' permission to sell coffee and other concessions in at least two states. The irreparable harm the plaintiffs identify is material, intrusive, and highly plausible. See Nat'l Car Rental Sys., Inc. v. Nat'l Car Sales, Inc., 17 U.S.P.Q.2d 1959, 1962 (M.D. Fla. 1990) ("The fact that Plaintiff's and Defendant's trademarks are identical and are used in the same markets in itself supports a finding of irreparable harm."). The plaintiffs can control neither the defendant's use of the marks nor the quality of the infringing products the defendant offers under the marks. The plaintiffs' presentation on the merits, although impossible to assess with confidence, appears to state a claim highly likely to succeed. The plaintiffs' prospective injury includes both injury to the plaintiffs and to the public arising from the public's confusion regarding the source of the defendant's infringing products. On the other hand, requiring the defendants to remove the "Dunkin Donuts" marks presents only minimal potential injury to the defendant and no plausible prospect of injury to the public. Of course, the defendant may continue to sell coffee under a non-infringing mark, but the defendant—after adopting the plaintiffs' trademarks—"'cannot now complain that having to mend its ways will be too expensive.'" Nat'l Car Rental System, 17 U.S.P.Q.2d at 1962 (quoting Wesley- Jessen Div. of Schering Corp. v.

Bausch & Lomb, Inc., 698 F.2d 862, 867 (7th Cir. 1983)).  The irremediable nature of the prospective injury to the plaintiffs balanced against the absence of injury to the defendant commends temporary relief.  Accordingly, the motion (Doc. 2) for a temporary restraining order is **GRANTED IN PART** as follows.

**Effective at 5:00 p.m. on July 7, 2010**, and conditioned upon the plaintiffs' posting of a **good and sufficient bond in the amount of $1,000.00**, the defendant; any officer, agent, servant, employee, attorney acting on behalf of the defendant; and any other person in active concert or participation with them who receives actual notice of this order by personal service or otherwise, is **ENJOINED** from directly or indirectly using or displaying any "Dunkin' Donuts" trademark, trade name, or service mark or any colorable imitation of any "Dunkin Donuts" mark.  The defendant shall promptly discontinue using the "Dunkin' Donuts" marks for any purpose, and the defendant shall promptly remove from any building, trailer, or other edifice any sign, fixture, furniture, decor, advertising material, menu, or other item that contains a "Dunkin' Donuts" mark.

The plaintiff shall promptly serve all papers in this case, including a copy of this temporary restraining order, on the defendant.  No later than **ten days** after receiving service of this order, the defendant shall show cause in writing why the plaintiffs' motion for a temporary injunction should not be granted.  The defendant's response shall include an affidavit in which the defendant identifies the defendant's attempts to comply with this order.  The plaintiffs' motion (Doc. 2) for a preliminary injunction is **REFERRED** to United States Magistrate Judge Mark A. Pizzo for a report and recommendation.  A status hearing on the motion for a preliminary injunction is set for **1:30 P.M.** on

**Wednesday, July 14, 2010**, before the Honorable Mark A. Pizzo in Courtroom 11B, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida.

ORDERED in Tampa, Florida, on July 7, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc:   Magistrate Judge