UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNKIN' DONUTS FRANCHISING,
LLC, et al.,

    Plaintiffs,

v.                                        CASE NO: 8:10-cv-1502-T-23MAP

REITHOFFER SHOWS, INC.,

    Defendant.
_____/

## **ORDER AND PERMANENT INJUNCTION**

The plaintiffs sue (Doc. 1) the defendant for trademark infringement. The plaintiffs own an exclusive license to franchise "Dunkin' Donuts" restaurants across the country. The plaintiffs own famous and distinctive trademarks for the "Dunkin' Donuts" franchise system, which trademarks include "the pink and orange color scheme and the frankfurter letter style." (Doc. 1 at 4) The plaintiffs have used the marks in interstate commerce for approximately fifty years, and the plaintiffs spent nearly $200 million in 2007 for advertising and promoting the "Dunkin' Donuts" marks.

A Delaware corporation with its principal place of business in Gibsonton, Florida, the defendant operates "a traveling carnival that provides rides, attractions, and concessions at various sites nationwide throughout the year." (Doc. 1 at 5) The defendant is not a "Dunkin' Donuts" franchisee, and the plaintiffs have never licensed the defendant to use the "Dunkin' Donuts" marks.

The parties move "for entry of consent judgment." The motion (Doc. 16) is **GRANTED IN PART** as follows.

**T**he defendant; any officer, agent, servant, employee, attorney acting on behalf of the defendant; and any other person in active concert or participation with them who receives actual notice of this order by personal service or otherwise, is **PERMANENTLY ENJOINED** from directly or indirectly using or displaying any "Dunkin' Donuts" trademark, trade name, or service mark or any colorable imitation of any "Dunkin Donuts" mark. The defendant shall promptly discontinue using the "Dunkin' Donuts" marks for any purpose, and the defendant shall promptly remove from any building, trailer, or other edifice any sign, fixture, furniture, decor, advertising material, menu, or other item that contains a "Dunkin' Donuts" mark. On or before **Friday, August 6, 2010**, the defendant shall provide the plaintiff with an affidavit identifying the defendant's effort to comply with this injunction.

The July 7, 2010, order (Doc. 6) referring the plaintiffs' motion for a preliminary injunction to the magistrate judge is **VACATED**, the reference is **WITHDRAWN**, and the plaintiffs' motion (Doc. 2) for a preliminary injunction is **DENIED AS MOOT**. The hearing on the plaintiffs' motion for a preliminary injunction is **CANCELLED**. The bond (Doc. 7) in favor of the plaintiff is **DISCHARGED**.

The court retains jurisdiction for the limited purpose of enforcing this injunction. The court otherwise declines to retain jurisdiction to enforce any independently negotiated settlement (including any agreement to waive a claim, defense, or right to

appeal). See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). In accord with the parties' motion, the Clerk is directed to enter judgment in favor of the plaintiffs and against the defendant for $3,563.00, which amount includes $3,038.00 in attorney fees and $525.00 for costs. The Clerk is further directed to (1) terminate and pending motion and (2) close the case.

ORDERED in Tampa, Florida, on July 29, 2010, at 2:50 p.m.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Magistrate Judge